IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GARY A. SMITH                                                                                              PLAINTIFF

v.                                         Case No. 4:22-cv-4005

WARDEN WALKER, *et al*.                                                                            DEFENDANTS

## ORDER

Before the Court is Plaintiff's Appeal of Magistrate Judge Decision. ECF No. 36. Plaintiff appeals United States Magistrate Judge Barry A. Bryant's denial (ECF No. 32) of Plaintiff's Motion to Appoint Counsel (ECF No. 31).

On May 10, 2022, Plaintiff filed his Motion to Appoint Counsel.[1] ECF No. 31. Plaintiff offered several reasons why counsel should be appointed: he is unable to afford counsel and has otherwise not been able to obtain representation, his current incarceration significantly limits his access to legal resources, the issues in this action are complex and he would greatly benefit from counsel, and there will be conflicting testimony at trial. *Id*. at p. 1-2. Judge Bryant denied Plaintiff's request for counsel (ECF No. 32), stating that a civil litigant does not have a right to counsel and cited to a previous denial (ECF No. 6) of the initial request by Plaintiff to appoint counsel (ECF No. 5) for the reasons why he denied the later request. In the initial denial, Judge Bryant stated:

> The Court has considered the need for an attorney, the likelihood that Plaintiff will benefit from assistance of counsel, the factual and legal complexity of the case, and whether Plaintiff has the ability to investigate and present this case. In considering these factors, the Court finds that the claims do not appear legally or factually complex, and Plaintiff is adequately prosecuting this case at this time. The Court finds Plaintiff is capable of prosecuting his claims without appointed counsel. At a later stage in the case, Plaintiff may again request appointment of counsel if Plaintiff believes the circumstances justify such an appointment.

---

[1] Plaintiff filed several motions to appoint counsel prior to the motion at issue in this order (ECF Nos. 5, 14, 18, 20, 29) and after (ECF Nos. 37, 39, 43). Judge Bryant denied all requests.

ECF No. 6.

A magistrate judge may be designated to hear and determine various pre-trial matters pending before the court.[2]  *See* 28 U.S.C. § 636(b)(1)(A).  A District Court may reconsider a magistrate's decision on a pretrial matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id*.  When a prisoner-plaintiff is proceeding *in forma pauperis* ("IFP"), the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).

"Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (quotation omitted).  Relevant factors when considering whether to appoint counsel for an indigent civil litigant include: "(1) the factual complexity of the issues; (2) the ability of the indigent person to investigate the facts; (3) the existence of conflicting testimony; (4) the ability indigent person to present the claims; and (5) the complexity of the legal arguments." *Crozier for A.C. v. Westside Community School District*, 973 F.3d 882, 889 (8th Cir. 2020) (citing *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)).  The factors are considered in light of whether "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson*, 902 F.3d at 850 (quotation omitted).

The Court finds that Plaintiff has not sufficiently demonstrated that appointed counsel is prudent and necessary to litigate his claims.  Plaintiff's motion to appoint counsel simply recites factors for consideration in appointing counsel and asserts that they favor his request with little

---

[2] Matters that a magistrate cannot singularly determine but can submit proposed finding of facts and recommendations to a District Court are "a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." 28 U.S.C. § 636(b)(1)(A)-(B).

elaboration or argument. For example, Plaintiff asserts that the issues in this case are "complex and will require significant research and investigation" without further explanation on the complexity of his claims. ECF No. 31, p. 1. Such assertions are not persuasive in convincing the Court that there is sufficient benefit to Plaintiff and the Court of appointed counsel. *See Patterson*, 902 F.3d at 850. Therefore, the Court cannot view Judge Bryant's denial of Plaintiff's request for counsel as clearly erroneous and subject to reconsideration or reversal.

For the reasons stated above, Plaintiff's Appeal of Magistrate Judge Decision (ECF No. 36) is hereby **DENIED**.

**IT IS SO ORDERED**, this 22nd day of July, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge