IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GARY A. SMITH                                                                                                    PLAINTIFF

v.                                            Civil No. 4:22-cv-04005

WARDEN WALKER;
SERGEANT GOLDEN; and
MILLER COUNTY ARKANSAS                                                                       DEFENDANTS

## ORDER

Plaintiff, Gary A. Smith, filed this 42 U.S.C. § 1983 action *pro se* on January 21, 2022. (ECF No. 1). On February 9, 2022, Plaintiff was granted Leave to Proceed *in forma pauperis*. (ECF No. 9). Before the Court is Plaintiff's Motion to Compel. (ECF No. 59). Defendants have responded. (ECF No. 60).

## BACKGROUND

In his Second Amended Complaint, Plaintiff alleges that while incarcerated in the Miller County Detention Center ("MCDC"), on May 17, 2022, he was housed in a segregation cell with a dangerous convicted inmate who physically and sexually assaulted him (ECF No. 13 at 11-17). Plaintiff further alleges Defendants were aware his cellmate was a "convicted predatory inmate" and Defendants deliberately placed Plaintiff in the cell with this inmate knowing he would be at risk of attack. *Id.* Plaintiff maintains Defendants' actions subjected him to cruel and unusual punishment, violated his due process rights as a pretrial detainee, and violated the Prison Rape Elimination Act. Plaintiff also claims Defendants failed to protect him from the assault. *Id.* at 4-9.

1

## APPLICABLE LAW

The scope of discovery in a civil case is governed by Federal Rule of Civil Procedure 26, which provides in part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> i. The discovery sought is unreasonable, cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> ii. The party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> iii. The proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). Further, under rule 26(c), "[t]he Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c).

The burden is generally on the party resisting discovery to show why discovery should be limited. *Cincinnati Ins. Co. v. Fine Home Managers, Inc.*, 2010 WL 2990118, at *1 (E.D. Mo. July 27, 2010). In carrying this burden, the objecting party cannot rely on mere statements and conclusions but must specifically show how the objected-to disclosures would be irrelevant or

overly burdensome, overly broad, or oppressive. *See St. Paul Reinsurance Co., Ltd. v. Comm. Fin. Corp.*, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (collecting cases).

Under Rule 26(c)(1), a party "may move for a protective order in the court where the action is pending" and "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Such an order may forbid the disclosure or discovery. *See,* Rule 26(c)(1)(A).

## DISCUSSION

In his Motion to Compel (ECF No. 59), Plaintiff requests the Court compel Defendants to "answer fully" interrogatories and production numbers 4, 8, 9, 11, 12, 14, and 18.[1] Defendants filed a response to Plaintiff's Motion to Compel (ECF No. 60) asserting: (1) they have already answered Plaintiff's requests; (2) the information requested does not exist; or (3) the request is overly broad and burdensome. Specifically, the disputed requests and responses are:

**First Set - Interrogatory and Request for Production #4:**

"State the names, titles and duties of all staff members at the Miller County Detention Center other than the defendant Warden Jeffie Walker who had the responsibility to process classify and house plaintiff in Max Delta pod on May 14, 2021 – May 17, 2021. If those duties are set forth in job description or other document produce the documents."

**First Response:**

"Defendant objects to these discovery requests as being nonsensical and not proportional to the needs of the case as Plaintiff was released on April 28, 2021."

**Second Set – Interrogatory and Request for Production #1:**

"State the names titles and duties of all staff members at the Miller County detention Center

---

1 The Court notes that Plaintiff did not maintain consistent numbering in his second set of Interrogatories and Requests for Production when he submitted revised requests in response to Defendants initial response. Accordingly, the Court has enumerated the "First Set" and "Second Set" as well as the "First Response" and "Second Response" along with the number Plaintiff assigned to each.

3

other than the defendant Warden Jeffie Walker who had the responsibility to process classify and house plaintiff in Max Delta pod on April 14, 2021 – April 17, 2021"

**Second Response:**

"Defendant objects to this interrogatory and request for production for the names and titles and duties of all staff members.   Subject tot that objection, Defendant refers to the job descriptions produced herein and states that the individuals who processed, classified, and housed Plaintiff on April 14 included Sergeant Daniel Golden, Corporal Keith Moore, and Officer Ryan O'Neal."

Plaintiff's Motion to Compel is DENIED as to Interrogatory and Request for Production #4/#1.   Defendants have adequately answered this request once the date was corrected.

**Interrogatory and Request for Production #8:**

"State the procedure for the use of any or all audio and video footage or transcript of, within, as it pertains to booking, intake, transportation and housing, if the procedure are [sic] set forth in any policy directive or other document, produce the documents."

**Response:**

See SOP 05.31B

Plaintiff's Motion to Compel as to Plaintiff's Interrogatory and Request for Production #8 is DENIED.   Defendant explains in their Response to Plaintiff's Motion to Compel the procedure produced, SOP 05.31B, is the procedure requested by Plaintiff in this request.   Accordingly, the Court finds this request has been adequately answered.

**First Set - Interrogatory and Request for Production #9:**

"Produce any or all audio and video footage or transcript of or copies identifiable pertaining to plaintiff's transportation or housing on May 14, 2021 – May 17, 2021 or reports about the incident made by Miller County Detention Center."

**First Response:**

"PLAINTIFF WAS RELEASED FROM THIS FACILITY 4/28/21"

**Second Set – Interrogatory and Request for Production #2:**

4

"Produce any or all audio and video footage or transcript of, or copies identifiable pertaining to plaintiff's transportation and housing as well as booking room audio and video footage on April 14, 2021 – April 17, 2021 as reports about the incident made by Miller County detention Center employees."

**Second Response:**

"There is no responsive audio or video retained in this case. The reports on the incident have already been produced."

Plaintiff's Motion to Compel as to Interrogatory and Request for Production #9/#2 is DENIED. Federal Rule of Procedure 34 provides for the production of documents and things within "the responding party's possession, custody or control." Fed.R.Civ.P. 34 (a)(1). Defendants are not required to produce items that are not in their custody or control. Further, Defendants cannot produce something that does not exist.

**First Set - Interrogatory and Request for Production #11:**

"Produce any or all AM/PM logs, records, registers, schedules, original or copies [ ] and pertaining to plaintiff's transportation and housing on May 14 – 17, 2021 at the Miller County Detention Center and at the Wadley Medical Center in Texarkana, Texas."

**First Response:**

"PLANTIFF WAS RELEASED FROM THIS FACILITY 4/28/21."

**Second Set – Interrogatory and Request for Production #4:**

"Produce any or all, AM/PM rosters, logs, records, registers or schedules, originals or copies identifiable and pertaining to plaintiff's transportation and housing on April 14, 2021 – April 17, 2021 at the Miller County Detention Center and at Wadley Medical Center in Texarkana, Texas."

**Second Response:**

"Defendants refer to MCSO Detention Division Shift Supervisors Reports for the subject time period and MCSO Detention Division SOP 03.04 Post Orders produced herein." Defendants produced the information requested after the second request clarified the dates."

Plaintiff's Motion to Compel is DENIED as to Interrogatory and Request for Production #11/34.  Defendants have adequately answered this request once the date was corrected.

**Interrogatory and Request for Production #12:**

> "State the names addresses or otherwise identify and locate any person who to you or your attorney's knowledge claims to know of facts related to the conduct of the alleged abuser prior to, during, and after the incident described in the complaint."

**Response:**

> "Defendant objects to this discovery as being overly broad unduly burdensome, and not proportional to the needs of this case.   The individual would have criminal records that are public information and it would not be possible to determine who would know this information."

Defendants argue their objection to Request #12 is appropriate because it is "an impossible question to answer given its breadth" and claim this request asks for "ever person who has ever run across this individual."   The Court disagrees in part.   This request asks for a list of persons, known to Defendants, to have knowledge of Plaintiff's attacker and the attacker's conduct, "prior to, during, and after the incident."   Given Plaintiff's claim that Defendants failed to protect him from this attacker, and that Defendants knew of the attacker's dangerous propensities, this is a relevant and proportional request to determine Defendants knowledge prior to his placement.

Additionally, it is not unduly burdensome as it does not request Defendants go into the world and find every person that has ever "run across" the attacker.   Instead, it requests a list of persons that, "to you or your attorney's knowledge," know facts related to the attacker. Accordingly, Plaintiff's Motion to Compel is GRANTED in part as to Interrogatory and Request for Production #12, and Defendants are directed to produce to Plaintiff a list of all persons known to them, at the time of Plaintiffs classification and placement on April 14, 2021, to have knowledge

6

of facts related to the relevant conduct of Plaintiff's attacker.

**Interrogatory and Request for Production #14:**

"State the procedure in effect in so far as it pertains to Miller County's Detention Center Management Status records, security check systems or activity records for the Max Delta pod for the month of May 2021.   If the procedure [is] set further in any policy directive or any other document, produce the documents."

**Response:**

"Defendant object to providing this information as the release of this information would compromise the safety and security of the facility and thus this is not proportional to the needs of this case."

Defendants argue this objection is appropriate because documents revealing security procedures for an entire month would compromise the safety of the MCDC, guards, and inmates. Further, Defendants argue they have already produced documents that adequately respond to this request.   Specifically, shift supervisor's report, classification documents for Plaintiff, Post Orders, and PREA investigation file which includes statements from officers.

The Court finds that a blanket statement that the information requested poses a security risk to MCDC is insufficient to show the Court how production of the documents requested are overly burdensome or disproportionate to Plaintiff's claims.   Plaintiff claims here that Defendants subjected him to cruel and unusual punishment by placing him with the dangerous cellmate, as well as failed to protect him from the dangerous cellmate.   The information requested, appears to go directly to the issues raised by Plaintiff's claims, and without a specific argument as to how production of these documents will risk the security of the MCDC, the Court must compel production.   However, the Court will limit the production to information requested for the dates Plaintiff was incarcerated in the MCDC, which appears to be April 6, 2021 through April 28, 2021.

Accordingly, Plaintiffs Motion to Compel is GRANTED as to Interrogatory and Request

for Production #14, and Defendants are DIRECTED to produce the information requested for the time period of April 6, 2021 through April 28, 2021.

**Interrogatory and Request for Production #18:**

> "Please produce in its entirety . . . of color photos, forensic evidence from the plaintiff's sexual assault forensic exam (SAFE)(Rape Kit) that was conducted on May 17, 2021 at Wadley Medical Center Emergency Room as indicated in the Complaint."

**Response:**

> "Southern Health Partners maintain. Defendants will request as well and produce whatever is obtained."

Defendants explained they produced the jail file, the Miller County Sheriff's Office medical file, the PREA file, and all Southern Health Partners documents received by Defendants. There are no additional documents in Defendants possession that are responsive to this request. As previously stated, Rule 34, provides for the production of documents and things within "the responding party's possession, custody or control." Fed.R.Civ.P. 34 (a)(1). Defendants are not required to produce items that are not in their custody or control. Accordingly, Defendants have adequately responded to Plaintiff's Interrogatory and Request for Production #18. Plaintiff's Motion to Compel is DENIED as to Interrogatory and Request for Production #18.

Additionally, Defendants argue Plaintiff's discovery requests and his Motion to Compel are untimely, and should be denied as they were presented outside of the discovery deadline set by the Court. Further, Defendants argue Plaintiff failed to confer in good faith prior to filing his Motion to Compel.

First, Defendants' argument that Plaintiff failed to confer in good faith is unconvincing. The Defendants argue Plaintiff failed to confer in good faith because he only sent them a letter as a follow-up when they objected to his discovery requests. Defendants allege this attempt does

not satisfy the good-faith conferral requirement of Federal Rule of Civil Procedure 37 and Local Rule 7.2. The Court is unclear what other means defense counsel would have an incarcerated plaintiff use to communicate. Written mail is typically their only form of available communication. There is nothing here to suggest Plaintiff had any means beyond written letters to attempt a good-faith conferral with defense counsel. Accordingly, the Court finds Plaintiff's two separate follow-up letters to Defendants sufficient to satisfy the good-faith conferral requirement.

Second, Defendants argue the Motion to Compel should be denied because Plaintiff violated the Court's scheduling order. Defendants are correct that the Court extended the discovery deadline to September 15, 2022, and Plaintiff filed the instant Motion to Compel on September 19, 2022. Additionally, the Court agrees that its deadlines should not be disregarded. However, here Plaintiff originally submitted the discovery requests at issue on May 1, 2022. This request falls within the discovery deadline. Plaintiff then sent a follow-up letter to those requests, on July 5, 2022, asking for complete answers from Defendants. Again, this attempt was within the discovery deadline. Plaintiff sent a second set of requests on July 25, 2022 in response to Defendants' objections to his first set. Again, this attempt was within the discovery deadline. Finally, Plaintiff sent a second follow-up letter to Defendants requesting more complete discovery responses on August 27, 2022. Again, Plaintiff second attempt to confer fell within the discovery deadline.

All of Plaintiff's discovery requests and attempts to confer were made within the Court's discovery timeline. Defendants cannot deny or refuse to adequately respond to discovery requests until the deadline has expired, and then use the deadline to preclude Plaintiff's Motion to Compel.

Plaintiff followed the Court's instructions in attempting to confer and resolve the issue without Court intervention, and thus the Court will, in its discretion, consider the Motion to Compel even though it was filed four days outside the Court imposed deadline.

For the reasons stated above, the Plaintiff's Motion to Compel (ECF No. 59) is **GRANTED** in part and **DENIED** in part. Defendants are directed to produce responses, in accordance with this Order, to Plaintiff's Interrogatories and Requests for Production #12 and #14. All other Interrogatory and Requests for Production raised by Plaintiff's Motion to Compel were adequately answered by Defendants.

Defendant is **ORDRED** to provide responses, as set forth above, within (30) days of this Order.

**IT IS FURTHER ORDERED** that any information produced to Plaintiff in response to Interrogatory and Request for Production #14 be kept confidential, and Plaintiff is **DIRECTED NOT** to share the information with any other person or use the information for any other purpose beyond this litigation.

**IT IS SO ORDERED** this 16th day of December 2022.

s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

10